# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

February 26, 2021

**REQUEST FOR APPROVAL**
**OF AN FLSA SETTLEMENT**

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New
York 500 Pearl Street
New York, New York 10007

    Re: *Maria Jovita Villanueva v. New HDM, Inc. dba Hunan Delight, et al.*
       **Case No.: 20 Civ. 5402 (KHP)**

Dear Judge Parker,

  This office represents the Plaintiff in the above referenced matter. We write this letter jointly with counsel for Defendants to respectfully request approval of the Settlement and Release Agreement (the "Settlement Agreement") that was fully executed subsequent to multiple remote video and telephone conferences with the court-appointed mediator, Zachary Fasman, Esq., including sessions with parties on October 21, 2020, December 9, 2020, and December 21, 2020, which resulted in settlement. For ease of review and the approval process, the parties consented to this court's jurisdiction for all purposes [Docket 17].

  Plaintiff was a dishwasher / kitchen helper at "Hunan Delight", a small Chinese restaurant on York Avenue and 78th Street in Manhattan. Plaintiff claims she worked eleven-hour shifts, six (6) days per week, for a total of sixty-six (66) hours per week. Ms. Villanueva was paid in cash. The court is familiar with the burden shifting analysis when an employer does not maintain adequate records of hours and wages.

  This is a single plaintiff case framed as a collective action but in light of the current pandemic and the financial distress of the restaurant industry and this establishment in particular, no collective action certification was requested. The plaintiff worked only one (1) year, and the goal was to make her reasonably whole while allowing the business to continue to function. We confirmed that the restaurant suffered greatly as a result of the pandemic.

Plaintiff's initial settlement demand was $50,000 which was essentially seeking full recovery with liquidated damages and giving plaintiff every possible inference and most favorable method of calculating damages. The initial offer was $10,000, which plaintiff rejected as too low. After extensive negotiations at arms-length, facilitated by the court-annexed mediation program, the parties reached an agreement of twenty-two thousand nine hundred dollars ($22,900.00), payable in eighteen (18) installments. The amount of the settlement is most likely greater than the amount the plaintiff was owed in wages, but waives a substantial portion of liquidated damages.

The parties respectfully request that Your Honor approve the Settlement Agreement as fair and reasonable. A copy of the agreement is provided with this application.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

FLSA settlements should receive judicial approval where, like here, they are "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "'strong presumption in favor of finding a settlement fair,' as [Courts] are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, 4 (S.D.N.Y. 2013)(citation omitted). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litigation*, 2014 U.S. Dist. LEXIS 5864, 22 (S.D.N.Y. 2014) (noting that the inherent "adversarial nature of a litigated FLSA case" is "an adequate indicator of the fairness of settlement").

Here, Defendants contested the amount of overtime compensation claimed by Plaintiff to be owed. However, to avoid continued litigation and its concomitant expenses, and the attendant risks, Defendants have agreed to pay Plaintiff a significant sum to resolve the claim.

Moreover, one concern tending toward settlement was plaintiff's legitimate concern about the collectability of an unsatisfied judgment against the defendants. *See Howard v. Don Coleman Advert. Inc.,* No. 16 Civ. 5060, 2017 WL 773695, at *1 (S.D.N.Y. Feb. 28, 2017) (finding that a plaintiff's "serious concerns about collectability…'militates in favor of finding a settlement reasonable'"); *see also Larrea v. FPC Coffees Realty Co., Inc.*, No. 15 Civ. 1515, 2017 WL 1857246, at *2 (S.D.N.Y. May 5, 2017) (same). There is always risk that a corporate defendant will have no collectable assets for this uninsured claim. Defendants operate a small neighborhood restaurant with limited financial resources and like the industry generally, has been disproportionately impacted by the COVID-19 crisis. The Agreement significantly decreases the risk of collection by permitting a reasonable settlement amount payable over time without the parties having to incur the expense and risk of trial. As the court is well aware, the COVID19 pandemic directly affected every business and worker in New York City.

In addition, it is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the parties. This is because the Settlement Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; (4) is the product of arm's-length bargaining between

experienced counsel; and (5) was without any semblance of fraud or collusion, again as evidenced by the fact that the settlement was reached with the assistance of the mediator. *See Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Settlement Agreement be approved in its entirety.

<u>PLAINTIFF'S ATTORNEYS' FEES ARE FAIR AND REASONABLE</u>

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees over in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement) (*citing Constantin Cionca v. Interactive Realty, LLC*, No. 15 Civ. 5123, 2016 WL 3440554, at *2 (S.D.N.Y. June 20, 2016) (approving a percentage fee that is "31.3% of the gross settlement amount" on an FLSA settlement, finding that the "percentage of the fund" method is generally acceptable in the Southern District); *see also Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement).

The settlement reached is inclusive of all fees and costs incurred, and Plaintiff's counsel will seek no additional compensation for fees from the Plaintiff or Defendants. With regard to attorneys' fees, recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third or higher. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation). Our fees of one-third of the settlement (and reimbursement for costs for filing and service), are less than our lodestar had we billed the Plaintiff on an hourly basis. At this stage in the litigation, counsel has expended approximately thirty (30) hours of attorney time in client meetings, drafting pleadings and legal documents, appearances and mediation. Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, and there was risk that the Plaintiff would not have prevailed in the litigation. Counsels' fees will be deducted proportionately from the eighteen (18) payments. That is, counsel will not be compensated earlier or more quickly than Plaintiff herself, and we will continue to represent the Plaintiff until all the payments are collected during one and a half (1 ½) years. Accordingly, while will also ask the court to dismiss the case, we do seek leave from this court to seek enforcement in the event the payments are not tendered as promised.

As discussed herein, Plaintiff and Defendants believe and respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve the

settlement and dismiss the action with prejudice but with the right to return to court in to seek relief in the event of default.

The parties stipulation and proposed order of dismissal is provided.

On behalf of all parties, we thank the court for its consideration of this case. Counsel and the parties are available if the court has any questions about this application.

        Respectfully submitted,

        CILENTI & COOPER, PLLC

By:   /s/ Peter Hans Cooper
        Peter H. Cooper

cc:    Kevin Tung, Esq.